Buestan Rojas v. Garland

BIA
A206 869 546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-two.

PRESENT:
      JON O. NEWMAN,
      DENNY CHIN,
      RICHARD J. SULLIVAN,
         *Circuit Judges.*
_____

GLADYS YOLANDA BUESTAN ROJAS,
      *Petitioner*,

      v.                            18-1172
                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.
_____

FOR PETITIONER:                 Glen L. Formica, Formica, Williams, P.C., New Haven, CT.

FOR RESPONDENT:                 Ethan P. Davis, Acting Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gladys Yolanda Buestan Rojas, a native and citizen of Ecuador, seeks review of an April 18, 2018 decision of the BIA, denying her motion to reconsider the denial of her petition for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Gladys Yolanda Buestan Rojas*, No. A206 869 546 (B.I.A. Apr. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider "shall specify the errors of law or fact in the previous order." 8 U.S.C.

2

§ 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

As an initial matter, the BIA excused Buestan Rojas's failure to exhaust her challenge to the underlying adverse-credibility determination when it thoroughly addressed that determination in both its dismissal of Buestan Rojas's appeal from the IJ and its denial of her motion to reconsider. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296–97 (2d Cir. 2006) (excusing a petitioner's failure to raise an issue before the BIA where the BIA considered the claim). We therefore have jurisdiction to consider Buestan Rojas' petition as to the agency's adverse-credibility finding. *See id.*

Nevertheless, the BIA did not abuse its discretion in declining to reverse its prior decision, which was not based on an error of law or fact. *See* 8 U.S.C. § 1229a(c)(6)(C). Specifically, the agency's adverse-credibility determination was supported by Buestan Rojas's inconsistent statements regarding – among other things – whether she had ever been in the United States before, whether she feared harm or persecution if returned to Ecuador, whether she was apprehended and removed to Mexico when she first entered the United States in 2001, and whether she left Ecuador in 2014 without her husband's knowledge or assistance.

3

Although Buestan Rojas was provided an opportunity to explain these inconsistencies during her removal hearing, she failed to do so. These inconsistencies therefore supported the agency's adverse-credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Thus, the BIA did not abuse its discretion in denying Buestan Rojas's motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4